# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **DAVID P. KENNEDY**, | Case No.: 3:12-cv-892-CL |
| Plaintiff, | |
| v. | **OPINION AND ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |
| **JEFF E. THOMAS, et al.**, | |
| Defendants. | |

Davis P. Kennedy, 71231-065, F.C.I. P.O. Box 5000, Sheridan, OR 97378. In Propria Personam.

Ronald Silver, Assistant United States Attorney, District of Oregon, 1000 S.W. Third Avenue Suite 600, Portland, OR 97204-2902. Attorney for Defendants.

**SIMON, District Judge.**

On February 6, 2013, United States Magistrate Judge Mark D. Clarke filed Findings and Recommendations ("F&R") in the above captioned case. Dkt. 31. Judge Clarke recommended that Defendant's Motion to Dismiss, Dkt. 18, should be granted. Plaintiff filed objections. Dkt. 34.

Under the Federal Magistrates Act (the "Act"), the court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Federal Magistrates Act, 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Plaintiff filed objections. Dkt. 34. Plaintiff argues that Judge Clarke should not have dismissed his complaint on statute of limitations grounds because Judge Clarke lacked a sufficient factual basis from which to determine when the statute of limitations began to run. Plaintiff's objection is unavailing. Judge Clarke based his determination that the statute of limitations began to run on October 5, 2009 on Plaintiff's own allegation, made in his complaint, that he became ill on October 5, 2009. Dkt. 2 at ¶ 12. *See Wallace v. Kato*, 549 U.S. 384, 391 (2007) ("The cause of action accrues even though the full extent of the injury is not then known or predictable." (internal quotation marks and citation omitted)). Based on that date, Judge Clarke correctly found that Plaintiff's claims are barred by the statute of limitations. Thus the Court adopts those portions of Judge Clarke's F&R to which Plaintiff objected.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe a standard of review.  Indeed, where there are no objections, "[t]here is no indication that Congress . . . intended to require a district judge to review a magistrate's report[.]"  *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*), *cert. denied*, 540 U.S. 900 (2003) (the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise").  Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard."  *Thomas*, 474 U.S. at 154.  Furthermore, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate's findings and recommendations for "clear error on the face of the record."

The Court has reviewed those portions of Judge Clarke's findings and recommendations to which Plaintiff has not objected for clear error. No such error is apparent.

The Court **ADOPTS** Judge Clarke's Findings and Recommendations. Dkt. 31. Defendants' motion to dismiss, Dkt. 18, is **GRANTED**. This case is **DISMISSED** with prejudice.

IT IS SO ORDERED.

Dated this 12th day of April, 2013.

/s/ Michael H. Simon_____<br>Michael H. Simon<br>United States District Judge